UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| United States of America | § | |
| --- | --- | --- |
| | § | |
| vs. | § | NO: AU:18-CR-00134(2)-RP |
| | § | |
| (2) Michael Fox | § | |

## ORDER

Before the Court is Defendant's Motion to Reduce Sentence. In June 2018, Fox pled guilty pursuant to a FED. R. CRIM. P.11(c)(1)(B) plea agreement to a one-count information that charged him with conspiracy to commit an offense or to defraud the United States in violation of 18 U.S.C. § 371. The offense conduct began on or about August 15, 2015 and ended on or about June 3, 2016; it included violations of 22 U.S.C. §§ 2778(b)(2) and 2778(c); 26 U.S.C. §§ 5841, 5845, 5861(b), 5871, 5861(h), and 5861(j); and 18 U.S.C. §§ 922(o) and 924(a)(2) for possessing, transferring, and/or exporting machineguns (one with obliterated serial number), firearms, and/or ammunition unlawfully, all in violation of 18 U.S.C. § 371. On January 11, 2019, the Court sentenced Fox to 36 months' imprisonment. Fox is currently confined at FCC Beaumont (LOW). His projected release date is December 20, 2021.

Fox seeks a compassionate early release because he suffers from a variety of medical and mental problems, including back pain, hypertension, high coronary calcium, anxiety, and PTSD.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act:

(A) the court, upon motion of the Director or the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure to the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction . . .

The United States Sentencing Guidelines provide "extraordinary and compelling reasons" exist due to a defendant's medical or mental condition or age when the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g) and:

(A) Medical Condition of the Defendant –

(i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)....

(ii) The defendant is –

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.C. § 1B1.13, application note 1; *see also* 28 U.S.C. § 994 (authorizing the Commission to describe what should be considered ordinary and compelling reasons for sentence reduction).

After consideration of Fox's motion, the motion is denied. The Court finds no compelling or extraordinary reasons that warrant a reduction. Although Fox indicates he is being treated for a chronic medical and psychological conditions, the records attached to his memorandum show such conditions are not terminal and the ability of the institution to provide care combined with his ability to provide self-care within the environment of a correctional facility is not substantially diminished. Moreover, the Court took Fox's crimes and other relevant factors into account at the time of sentencing and sentenced Fox substantially below the applicable guidelines range. At the time of

sentencing, the Court weighed the factors under 18 U.S.C. § 3553(a) to determine a fair and reasonable sentence for Fox. That sentence remains fair and reasonable.

It is therefore **ORDERED** that the "Motion Under 3582(c)(1)(A) for Compassionate Release," filed by Defendant Michael Fox is **DENIED**.

SIGNED this 26th day of March, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE